IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00041-KDB-DCK

| | |
|---|---|
| JEANNE MARIE KRAUSS AND BURGANDY GODDARD, <br><br> Plaintiffs, <br><br> v. <br><br> IREDELL COUNTY PARTNERSHIP FOR YOUNG CHILDREN, INC., <br><br> Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 7). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed briefly below, the Court will **DENY** the motion.

I.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished). "The real purpose of service of process is to give notice to the defendant, and mere technicalities should not stand in the way of consideration of a

1

case on its merits." *Id.* at 304 (brackets, internal citations, and quotation marks omitted). "Actual notice, however, is not the controlling standard." *Id.* (quoting *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004)). Although courts typically liberally construe rules governing service of process when the defendant receives actual notice, the rules "are there to be followed, and plain requirements … may not be ignored." *Id.* (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

## II. FACTS AND PROCEDURAL HISTORY

On March 19, 2025, Plaintiffs filed their lawsuit against Defendant alleging various forms of employment discrimination. *See* Doc. No. 1. To be compliant with Federal Rule of Civil Procedure 4(m), Plaintiffs were required to effect service of process within 90 days, or by June 17, 2025. Doc. No. 7 at 2. On April 19, 2025, Plaintiffs attempted service by certified mail but listed an incorrect mailing address for Defendant. Doc. No. 8 at 2. On June 16, 2025, Plaintiffs learned the attempted service of process was unsuccessful. *Id.* at 2. Early the next evening, Plaintiffs' counsel contacted Defendant's counsel asking whether she would accept service. On June 18, 2025, having not received a reply from Defendant's counsel, Plaintiffs again attempted service by mail, this time through UPS Next Day Air with a signature required. *Id.* at 3. The package was correctly addressed and sent to Lisa Familio, Defendant's Executive Director. *Id.* at 3. *See also* Doc. No. 3-1 at 1. On June 19, 2025, (a federal holiday which Defendant closed its office to observe), the package was left at the front door of the business by UPS. *See* Doc. No. 7-1 at 7-13. However, when Plaintiffs received the proof of delivery, it stated that the package was received by "Lisa" and left at "Receiver." Doc. No. 3-1 at 1. On June 23, 2025, the first business day that Defendant's office was open after the delivery, *see* Doc. No. 7-1 at 6, the package was found by a staff member and delivered to Ms. Familio. Doc. No. 7-2 at 3-4.

On July 10, 2025, Defendant filed a Motion to Dismiss, alleging insufficient service of process and therefore, that this Court lacks personal jurisdiction over it. On July 24, 2025, Plaintiffs filed their Opposition to the Motion. The Motion is now fully briefed and ripe for this Court's review.

### III. DISCUSSION

Absent waiver of service of process or consent, the failure to obtain proper service of process – even if the defendant gains actual notice – deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984).; *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party."). Federal law authorizes a defendant corporation to be served in accordance with state law. *See* Fed. R. Civ. P. 4(h)(1)(A). North Carolina law provides that service on a corporation may be effectuated by "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served … delivering to the addressee, and obtaining a delivery receipt." *See* N. C. R. Civ. P. 4(j)(6)(d).

It is undisputed that Plaintiffs attempted to effectuate service both before and after the 90-day deadline. However, in keeping with the overriding interest in elevating substance over form and deciding cases on the merits, Fed. R. Civ. P. 4(m) provides that if a plaintiff shows good cause for her failure to serve a defendant within 90 days after the complaint is filed then the "court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds that Plaintiffs' attempts to serve Defendant reflect good faith and reasonable efforts at service,

even though those efforts may not comply with the rules. Therefore, the Court will deny Defendant's Motion without prejudice. The Parties are directed to meet and confer no later than August 21, 2025, to determine whether they can agree on the completion of service.[1] If the Parties cannot agree, Plaintiffs will have 30 days from August 21, 2025, to complete service.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 7) is **DENIED** without prejudice**;**

2. The Parties are directed to meet and confer no later than August 21, 2025, to determine whether they can agree on the completion of service; if they cannot, Plaintiffs are directed to complete service no later than 30 days after August 21, 2025.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 14, 2025

Kenneth D. Bell
United States District Judge

---

[1] The Court does not reach the question as to whether the UPS delivery meets the requirements for proper service of process.